UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
Southern Division

| | |
|---|---|
| **LUKE SEAY,**<br><br>   Plaintiff,<br><br>v.<br><br>**GC SERVICES LIMITED PARTNERSHIP**<br><br>   Defendant. | Case No. 2:08-cv-11770<br><br>Honorable Bernard A. Friedman<br>Magistrate Judge Steven D. Pepe<br><br>**<u>DEFENDANT GC SERVICES LP'S ANSWER TO COMPLAINT WITH AFFIRMATIVE AND OTHER DEFENSES</u>** |
| Timothy J. Sostrin<br>LEGAL HELPERS, P.C.<br>**Attorneys for Plaintiff**<br>20 W. Kinzie Street, Suite 1300<br>Chicago, IL  60610<br>312-753-7576<br>312-822-1064 (Facsimile)<br>tjs@legalhelpers.com | Michael J. Hodge (P25146)<br>Scott R. Eldridge (P66452)<br>MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.<br>**Attorneys for Defendant GC Services LP**<br>One Michigan Avenue, Suite 900<br>Lansing, MI  48933<br>(517) 487-2070<br>(517) 374-6304 (Facsimile)<br>email: hodge@millercanfield.com<br>email: eldridge@millercanfield.com |

**DEFENDANT GC SERVICES LIMITED PARTNERSHIP'S**
**<u>ANSWER TO COMPLAINT WITH AFFIRMATIVE AND OTHER DEFENSES</u>**

Defendant, **GC SERVICES LIMITED PARTNERSHIP**, by and through its attorneys, MILLER, CANFIELD, PADDOCK and STONE, P.L.C., provide answers and affirmative defenses to Plaintiff's Complaint and Demand for Jury as follows:

**JURISDICTION AND VENUE**

1.   Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S. C. §1692.  Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

**ANSWER**: In answer to Paragraph 1 of Plaintiff's Complaint, Defendant admits only that this Court has jurisdiction over Plaintiff's Fair Debt Collection Practices Act claims pursuant to 15 U.S.C. § 1692 and 29 U.S.C. § 1331. By way of further answer, however, Defendant neither admits nor denies the remaining allegations in Paragraph 1 because Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations and, therefore, leaves Plaintiff to his proofs.

## FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

**ANSWER**: Defendant neither admits nor denies the allegations in Paragraph 2 because Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, leaves Plaintiff to his proofs.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

**ANSWER**: Defendant does not know what Plaintiff means by "primarily" and the allegations in Paragraph 3 are, therefore, not susceptible to a reasoned response. By way of further response, however, Defendant admits that it is a corporation that does business as a debt collector.

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. 1692a(6).

**ANSWER**: Defendant admits the allegations in Paragraph 4.

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. 15 U.S.C. 1692a(3).

**ANSWER**: Defendant neither admits nor denies the allegations in Paragraph 5 because Defendant is without information or knowledge sufficient to form a belief as to the truth

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

of the allegations and, therefore, leaves Plaintiff to his proofs.

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. 1692a(5).

**ANSWER**: Defendant neither admits nor denies the allegations in Paragraph 6 because Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, leaves Plaintiff to his proofs.

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

**ANSWER**: Defendant does not know what Plaintiff means by "holder," "retained," or "the debt" and the allegations are, therefore, not susceptible to a reasoned response. As stated in Defendant's answer to Paragraph 6, it neither admits nor denies that the alleged debt at issue is a "debt" as defined by the Fair Debt Collection Practices Act because it is without information or knowledge sufficient to form a belief as to the truth of that allegation. By way of further answer, Defendant denies as untrue the allegation that it is the "holder" of the alleged debt at issue in this lawsuit. Further, Defendant admits only that the creditor to whom Plaintiff owed and continues to owe money placed the account with Defendant for collection purposes.

8. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

**ANSWER**: Defendant neither admits nor denies the allegations in Paragraph 8 because Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, leaves Plaintiff to his proofs.

9. On or around November 13, 2007, Defendant telephoned Plaintiff and left a message.

**ANSWER**: Defendant neither admits nor denies the allegations in Paragraph 9 because Defendant is without information or knowledge sufficient to form a belief as to the truth

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

of the allegations and, therefore, leaves Plaintiff to his proofs.

10. During this communication, Defendant failed to identify Defendant by company name and failed to state that Defendant was a debt collector.

**ANSWER**: Defendant denies the allegations in Paragraph 10 as untrue.

11. During this communication, Defendant indicated that Plaintiff's debt was placed with Defendant for purposes of conducting an asset search, not for purposes of collection.

**ANSWER**: Defendant does not know what Plaintiff means by "asset search" and the allegations are, therefore, not susceptible to a reasoned response. By way of further answer, Defendant denies any intended allegation in Paragraph 11 that it violated the Fair Debt Collection Practices Act.

12. On or around November 14, 2007, Defendant telephoned Plaintiff and let [sic] a message indicating that Defendant had telephoned Plaintiff's work.

**ANSWER**: Defendant denies the allegations in Paragraph 12 as untrue.

13. During this communication, Defendant ominously threatened Plaintiff that Defendant had verified Plaintiff's employment and indicated that Plaintiff only had under Friday to act on the debt.

**ANSWER**: Defendant denies the allegations in Paragraph 13 as untrue.

14. On or around November 14, 2007, Plaintiff returned Defendant's telephone call and notified Defendant that Plaintiff did not wish to receive Defendant's phone calls at work.

**ANSWER**: Defendant denies the allegations in Paragraph 14 as untrue.

15. During this communication, Plaintiff also notified Defendant that Plaintiff was represented by an attorney for bankruptcy and provided the law firm's contact information.

**ANSWER**: Defendant denies the allegations in Paragraph 15 as untrue.

-5-

16. Defendant responded that Plaintiff's notice of representation was "bull [expletive]" and that Plaintiff needed to get someone to pay Plaintiff's bills.

**ANSWER**: Defendant denies the allegations in Paragraph 16 as untrue.

17. Despite Plaintiff's notice, Defendant continued to telephone Plaintiff's place of employment on a near daily basis, often times calling multiple times per day, throughout November 2007.

**ANSWER**: Defendant denies the allegations in Paragraph 17 as untrue.

18. During several of the above referenced telephone communications, Defendant spoke to Plaintiff's coworkers, whom also informed Defendant that Plaintiff could not receive Defendant's telephone calls at work.

**ANSWER**: Defendant denies the allegations in Paragraph 18 as untrue.

19. Despite Plaintiff's notice, Defendant telephoned Plaintiff on or around November 15, 2007 and left a message for Plaintiff.

**ANSWER**: Defendant neither admits nor denies the allegations in Paragraph 19 because Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, leaves Plaintiff to his proofs.

20. On or around November 16, Defendant telephoned Plaintiff's place of employment despite repeat notices not to telephone Plaintiff at work.

**ANSWER**: Defendant neither admits nor denies the allegations in Paragraph 20 because Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, leaves Plaintiff to his proofs.

21. During this communication, Defendant was extremely rude and hostile with Plaintiff's co-worker.

**ANSWER**: Defendant denies the allegations in Paragraph 21 as untrue.

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

22. During this communication, Defendant accused Plaintiff's co-worker of lying about Plaintiff's whereabouts.

**ANSWER**: Defendant denies the allegations in Paragraph 22 as untrue.

23. Despite Plaintiff's notice, Defendant telephoned Plaintiff on or around November 19, 2007 and left a message for Plaintiff.

**ANSWER**: Defendant neither admits nor denies the allegations in Paragraph 23 because Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, leaves Plaintiff to his proofs.

24. During this communication, Defendant threatened to garnish twenty-five percent of Plaintiff's wages.

**ANSWER**: Defendant denies the allegations in Paragraph 24 as untrue.

25. Despite Plaintiff's notice, Defendant telephoned Plaintiff on or around November 20, 2007 and left a message for Plaintiff.

**ANSWER**: Defendant neither admits nor denies the allegations in Paragraph 25 because Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, leaves Plaintiff to his proofs.

26. Despite Plaintiff's notice, Defendant telephoned Plaintiff on or around November 30, 2007 and left a message for Plaintiff.

**ANSWER**: Defendant neither admits nor denies the allegations in Paragraph 26 because Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, leaves Plaintiff to his proofs.

27. During this communication, Defendant identified Defendant as being from a "firm," deliberately misleading Plaintiff into believing that Defendant was associated with an attorney's office.

**ANSWER**: Defendant denies the allegations in Paragraph 27 as untrue.

28. During all of the above referenced messages that Defendant left for Plaintiff, Defendant failed to properly identify Defendant and notify Plaintiff that Defendant was a debt collector.

**ANSWER**: Defendant denies the allegations in Paragraph 28 as untrue.

29. Defendant damaged Plaintiff emotionally and mentally and has caused substantial anxiety and stress.

**ANSWER**: Defendant denies the allegations in Paragraph 29 as untrue.

30. Defendant violated the FDCPA.

**ANSWER**: Defendant denies the allegations in Paragraph 30 as untrue.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

31. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

**ANSWER**: Defendant incorporates its answers to Paragraphs 1-30 by reference as if stated fully herein.

32. In demanding payment in the amount that it did, Defendant violated 15 U.S.C. § 1692e(2) in that it falsely represented the character and amount of the debt.

**ANSWER**: Defendant denies the allegations in Paragraph 32 as untrue.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

33. Plaintiff incorporates each of the preceding allegations as if specifically stated

herein.

**ANSWER**: Defendant incorporates its answers to Paragraphs 1-32 by reference as if stated fully herein.

34. The Defendant violated 15 U.S.C. § 1692c by calling Plaintiff at work after it was informed that Plaintiff did not wish to receive Defendant's phone calls at work.

**ANSWER**: Defendant denies the allegations in Paragraph 34 as untrue.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

35. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

**ANSWER**: Defendant incorporates its answers to Paragraphs 1-34 by reference as if stated fully herein.

36. The Defendant violated 15 U.S.C. § 1692d in that defendant used obscene and/or abusive language during its communications in furtherance of debt collection.

**ANSWER**: Defendant denies the allegations in Paragraph 36 as untrue.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

37. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

**ANSWER**: Defendant incorporates its answers to Paragraphs 1-36 by reference as if stated fully herein.

38. The Defendant violated 15 U.S.C. § 1692c in that it contacted Plaintiff notwithstanding the fact that Plaintiff told Defendant that Plaintiff was represented by an attorney.

**ANSWER**:   Defendant denies the allegations in Paragraph 38 as untrue.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

39.   Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

**ANSWER**:   Defendant incorporates its answers to Paragraphs 1-38 by reference as if stated fully herein.

40.   The Defendant violated 15 U.S.C. § 1692c in that it contacted a third party and failed to comply with 15 U.S.C. § 1692b.

**ANSWER**:   Defendant denies the allegations in Paragraph 40 as untrue.

## COUNT SIX

### Violation of the Fair Debt Collection Practices Act

41.   Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

**ANSWER**:   Defendant incorporates its answers to Paragraphs 1-40 by reference as if stated fully herein.

42.   The Defendant violated 15 U.S.C. § 1692f in that its actions were unfair and/or unconscionable means to collect a debt.

**ANSWER**:   Defendant denies the allegations in Paragraph 42 as untrue.

## COUNT SEVEN

### Violation of the Fair Debt Collection Practices Act

43.   Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

**ANSWER**: Defendant incorporates its answers to Paragraphs 1-42 by reference as if stated fully herein.

44. The Defendant violated 15 U.S.C. § 1692e, generally, by having non-attorneys state that they could control the decision to litigate and the timing and scope of the litigation, when in fact this would be an attorney decision.

**ANSWER**: Defendant denies the allegations in Paragraph 44 as untrue.

### COUNT EIGHT

### Violation of the Fair Debt Collection Practices Act

45. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

**ANSWER**: Defendant incorporates its answers to Paragraphs 1-44 by reference as if stated fully herein.

46. The Defendant violated 15 U.S.C. § 1692e in that defendant failed to advise Plaintiff during verbal communications that defendant was a debt collector.

**ANSWER**: Defendant denies the allegations in Paragraph 46 as untrue.

### COUNT NINE

### Violation of the Fair Debt Collection Practices Act

47. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

**ANSWER**: Defendant incorporates its answers to Paragraphs 1-46 by reference as if stated fully herein.

48. The Defendant violated 15 U.S.C. § 1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

**ANSWER**: Defendant denies the allegations in Paragraph 48 as untrue.

## COUNT TEN

### Violation of the Fair Debt Collection Practices Act

49. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

**ANSWER**: Defendant incorporates its answers to Paragraphs 1-48 by reference as if stated fully herein.

50. The Defendant violated 15 U.S.C. § 1692e by making misrepresentations during its conversations with Plaintiff.

**ANSWER**: Defendant denies the allegations in Paragraph 50 as untrue.

## COUNT ELEVEN

### Invasion of Privacy by Intrusion upon Seclusion

51. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

**ANSWER**: Defendant incorporates its answers to Paragraphs 1-50 by reference as if stated fully herein.

52. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion, and or private concerns of affairs of the Plaintiff.

**ANSWER**: Defendant denies the allegations in Paragraph 52 as untrue.

53. Defendant intentionally caused harm to the Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

**ANSWER**: Defendant denies the allegations in Paragraph 53 as untrue.

54. Plaintiff has a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

**ANSWER**:   Defendant denies the allegations in Paragraph 54 as untrue.

55.   The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

**ANSWER**:   Defendant specifically denies the allegation that any "intrusion" occurred. Defendant also denies the remaining allegations in Paragraph 55 as untrue.

56.   As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

**ANSWER**:   Defendant specifically denies the allegation that there was an "invasion of privacy" as untrue.  Defendant also denies the remaining allegations in Paragraph 56 as untrue.

## JURY DEMAND

57.   Plaintiff demands a trial by jury.

**ANSWER**:   Defendant admits that Plaintiff demands a trial by jury.  Defendant denies, however, that Plaintiff is entitled to a trial by jury on some or all of his claims.

WHEREFORE, Defendant respectfully requests that the Court:

    A.    Dismiss Plaintiff's Complaint, with prejudice;

    B.    Enter a Judgment for Defendant and against Plaintiff;

    C.    Award Defendant a recovery of its reasonable attorneys' fees and costs incurred in defending this action;

    D.    Grant such other relief to Defendant as the Court may deem appropriate.

> MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
> Michael J. Hodge (P25146)
> Scott R. Eldridge (P66452)
>
>
> By: s/ Michael J. Hodge
>     Michael J. Hodge (P25146)
> Attorneys for Defendant
> One Michigan Avenue, Suite 900
> Lansing, MI 48933
> (517) 487-2070
> email: hodge@millercanfield.com
> email: eldridge@millercanfield.com

DATED: June 30, 2008

## **DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES**

NOW COMES Defendant, **GC SERVICES LIMITED PARTNERSHIP**, by and through its counsel, MILLER, CANFIELD, PADDOCK AND STONE, P.L.C., and, in further answer to Plaintiff's Complaint, states that it will rely upon the following Affirmative and Other Defenses, if applicable, based on facts to be determined through appropriate discovery:

    1.    Plaintiff has failed to join in the Complaint every claim arising out of the transaction or occurrence that is the subject matter of this action.

    2.    Plaintiff has failed to state one or more claims upon which relief can be granted.

    3.    All or some of Plaintiff's claims are barred by the applicable statutes or other periods of limitation.

4. Plaintiff has failed to identify or plead facts which would entitle him to liquidated damages.

5. Plaintiff is not entitled to recover punitive damages as a matter of fact and/or law.

6. Plaintiff has failed to identify or plead facts which would entitle him to actual damages.

7. Plaintiff's claims are subject to dismissal upon a motion for summary judgment.

8. Plaintiff has failed to mitigate his alleged damages, his entitlement to which is specifically denied.

9. Plaintiff's claims against GC Services are barred in whole or in part because they are subject to mandatory arbitration pursuant to a valid agreement.

10. Plaintiff is not entitled to a jury trial for any issue(s) related to either liability or alleged damages, whether actual, statutory, or other damages.

11. All or some of Plaintiff's claims are preempted by applicable state or federal law.

12. All or some of Plaintiff's claims are barred because the statute upon which Plaintiff relies provides Plaintiff's exclusive remedy, entitlement to which is expressly denied.

13. Plaintiff had no reasonable expectation of privacy.

14. Defendant's conduct was not reasonably objectionable.

15. Defendant did not improperly intrude into Plaintiff's private life and/or seclusion.

16. Any violation of 15 U.S.C. § 1692, *et seq.* by Defendants, if proven, was the result of a bona fide error as described in 15 U.S.C. § 1692k(c).

17. Defendant is neither the "but for" cause nor the proximate cause of any of Plaintiff's alleged damages, his entitlement to which is specifically denied.

Defendant reserves the right to amend its Answer to add additional Affirmative and/or Other Defenses or to delete or withdraw Affirmative and/or Other Defenses as may become necessary after reasonable opportunity for appropriate discovery.

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

          MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
          Michael J. Hodge (P25146)
          Scott R. Eldridge (P66452)


          By: s/ Michael J. Hodge
              Michael J. Hodge (P25146)
          Attorneys for Defendant
          One Michigan Avenue, Suite 900
          Lansing, MI  48933
          (517) 487-2070
          email: hodge@millercanfield.com
          email: eldridge@millercanfield.com

DATED:  June 30, 2008

### **CERTIFICATE OF SERVICE**

    I hereby certify that on June 30, 2008, I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system, which will send notification of said filing to: Timothy J. Sostrin.


          MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
          Michael J. Hodge (P25146)
          Scott R. Eldridge (P66452)


          By:  s/Michael J. Hodge
              Michael J. Hodge (P25146)
          Attorneys for Defendant
          One Michigan Avenue, Suite 900
          Lansing, MI  48933
          (517) 487-2070
          email: hodge@millercanfield.com
          email: eldridge@millercanfield.com

DATED:  June 30, 2008

LALIB:159944.1\031578-00044