UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
Southern Division

| **LUKE SEAY,**    Plaintiff,  v.  **GC SERVICES LIMITED PARTNERSHIP**    Defendant. | Case No. 2:08-cv-11770  Honorable Bernard A. Friedman Magistrate Judge Steven D. Pepe |
|---|---|
| Timothy J. Sostrin Lori A. Leigh (P65423) LEGAL HELPERS, P.C. **Attorneys for Plaintiff** 233 S. Wacker Sears Tower, Suite 5150 Chicago, IL 60606 866-339-1156 312-822-1064 (Facsimile) tjs@legalhelpers.com lal@legalhelpers.com | Michael J. Hodge (P25146) Scott R. Eldridge (P66452) MILLER, CANFIELD, PADDOCK AND STONE, P.L.C. **Attorneys for Defendant GC Services LP** One Michigan Avenue, Suite 900 Lansing, MI 48933 (517) 487-2070 (517) 374-6304 (Facsimile) email: hodge@millercanfield.com email: eldridge@millercanfield.com |

## JOINT RULE 26(f) PLAN AND STATUS REPORT

On July 17, 2008, Plaintiff Luke Seay and Defendant GC Services Limited Partnership (collectively the "Parties"), by their respective attorneys, met via telephone conference and discussed the issues identified in Rule 26(f) of the Federal Rules of Civil Procedure. The Parties hereby submit the following Joint Rule 26(f) Plan and Status Report for the Court's consideration.

1.      **Nature of Plaintiff's Claims**- Plaintiff alleges that Defendant violated various provisions of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq*, in 2007.

2. **Nature of Defendant's Defenses**- Defendant denies that it violated the law or that Plaintiff is entitled to any damages and/or other relief whatsoever as a result of GC Services' attempt to collect a debt the Plaintiff owed, and continues to owe, to GMAC. Many of the allegations in the Complaint are simply untrue, while many others, even if true, do not amount to a violation of law. Accordingly, Plaintiff's allegations are ripe for summary judgment.

3. **Initial Disclosures**- The Parties agreed to exchange initial disclosures within 14 days of conducting their Rule 26(f) conference. As of the date of this proposed Plan and Status Report, the parties have exchanged initial disclosures.

4. **Discovery**

   a. **Subjects On Which Discovery May Be Needed** – The subjects on which discovery may be needed include: all facts and circumstances regarding the relationship between the parties; all facts and circumstances alleged in the Complaint; all facts and circumstances related to Defendant's defenses to the allegations in the Complaint; and any other facts and circumstances related to liability, causation, and damages. The Parties agree that discovery will include depositions and written discovery, including interrogatories, requests to produce, and requests to admit. As of the date of this Plan and Status Report, the parties have commenced written discovery.

   b. **Timeframe for Completion of Discovery** – The Parties believe that approximately six months will be necessary for discovery. Accordingly, the Parties request a discovery completion date of approximately February 2, 2009.

   c. **Discovery In Phases** – The parties do not believe that discovery should be conducted in phases.

    d. **Witness Lists** – The Parties agree to exchange witness lists on or before November 3, 2008.

5. **Electronically Stored Information**

    a. **Issues** – The Parties do not anticipate any issues relating to disclosure or discovery of electronically stored information.

    b. **Form** – The Parties have agreed that electronically stored information should be produced in any format reasonably appropriate to the situation, whether in hard copy format or in a reasonably accessible electronic format, or otherwise in accordance with agreement of counsel.

6. **Privilege** – The Parties agree that if a producing Party claims that any document or information protected by the attorney-client privilege and/or the attorney-work product doctrine was inadvertently produced, the receiving Party will, upon written request, immediately return all such documents or information to the producing Party.  If the receiving Party contends that the documents or information should not be protected by the attorney-client privilege and/or the attorney work product doctrine, the receiving Party may file a motion with the Court to compel production of the documents or information.

The Parties do not believe that it is necessary for the Court to enter an order regarding the return of privileged documents or information at this time.

7. **Limitations On Discovery** – The Parties do not believe that any changes to the limitations on discovery propounded in the Federal Rules are necessary.  The Parties reserve the right, however, to request changes to the limitations by motion at a later date.

8. **Other Orders Concerning Discovery** – The Defendant anticipates that a protective order may be needed pursuant to F.R.Civ.P. 26(c) with regard to commercially

sensitive documents, documents containing private information about Defendant and its employees and/or patients, and other information likely to be requested/produced during discovery.

**9.** **Amendments to Pleadings –** The Parties do not anticipate having to amend the pleadings at this time; although, the Parties reserve the right to request leave for such amendments at a later date. The Parties note further that Plaintiff voluntarily agreed to dismiss Count Eleven of the Complaint with Prejudice. The Court entered an Order dismissing Count Eleven of the Complaint with prejudice on July 24, 2008.

**10.** **Dispositive Motion Cut-off** – The Parties agree that dispositive motions should be filed on or before March 2, 2009.

**11.** **Mediation –** The Parties have engaged in settlement negotiations and believe that facilitated mediation is not necessary.

**12.** **Subject Matter Jurisdiction –** The Parties do not challenge subject matter jurisdiction at this time.

    Respectfully submitted,

    MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
    Michael J. Hodge (P25146)
    Scott R. Eldridge (P66452)

    By: s/ Scott R. Eldridge              .
        Scott R. Eldridge (P66452)
    **Attorneys for Defendant**
    One Michigan Ave., Suite 900
    Lansing, MI 48933
    (517) 487-2070

Dated: August 13, 2008    eldridge@millercanfield.com

        LEGAL HELPERS, P.C.

        By: s/ Timothy J. Sostrin w/permission by SRE
            Timothy J. Sostrin
            Lori A. Leigh (P65423)
        **Attorneys for Plaintiff**
        233 S. Wacker
        Sears Tower, Suite 5150
        Chicago, IL  60606
        866-339-1156
        312-822-1064 (Facsimile)
        tjs@legalhelpers.com
        lal@legalhelpers.com

Dated:  August 13, 2008

## CERTIFICATE OF SERVICE

     I hereby certify that on August 13, 2008, I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system, which will send notification of said filing to:  Timothy J. Sostrin and Lori A. Leigh.

        MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
        Michael J. Hodge (P25146)
        Scott R. Eldridge (P66452)


        By:   s/Scott R. Eldridge
            Scott R. Eldridge (P66452)
        Attorneys for Defendant
        One Michigan Avenue, Suite 900
        Lansing, MI  48933
        (517) 487-2070
        email: eldridge@millercanfield.com

DATED:  August 13, 2008

LALIB:175203.1\031578-00044
08/13/08